UNITED STATES of America,
Plaintiff-Appellee,

v.

James Alvin BAXTER, Defendant-
Appellant.

No. 15883.

United States Court of Appeals
Sixth Circuit.

March 10, 1965.

Certiorari Denied June 1, 1965.

See 85 S.Ct. 1766.

John F. Dugger, Morristown, Tenn. (Bacon & Dugger, Morristown, Tenn., of counsel), for appellant.

Ottis B. Meredith, Asst. U. S. Atty., Knoxville, Tenn. (J. H. Reddy, U. S. Atty., David E. Smith, Asst. U. S. Atty., Knoxville, Tenn., on the brief), for appellee.

Before WEICK, Chief Judge, and CECIL and EDWARDS, Circuit Judges.

PER CURIAM.

James Alvin Baxter, defendant-appellant herein, appeals from a conviction in the United States District Court for the Eastern District of Tennessee,

Northeastern Division, on counts three and four of a four-count indictment. The jury disagreed on counts one and two and they were subsequently dismissed. The third count charged possession and sale of non-taxpaid whiskey on January 18, 1963, and the fourth count charged possession of non-taxpaid whiskey on April 7, 1963.

One of the assignments of error is that the trial judge erred in overruling the defendant's motion to suppress the evidence. The basis of this claim is that government agent Belvin, in the affidavit for a search warrant, acted on information of two informers who were paid contingent fees, and that Belvin's statement in the affidavit, that the defendant told him on April 2, 1963, that he had thirty-six gallons of whiskey in his house, was false.

The government did employ and place reliance on two informers, Moore and Stone, who were paid ten dollars a day for subsistence, with a promise for further payment at the end of the investigation which was unfortunately and probably mistakenly characterized as a reward. Moore and Stone were each paid $150 at the end of the investigation. These payments were made prior to trial and not based on convictions. The facts here are distinguishable from Williamson v. United States, 311 F.2d 441, C.A. 5. There the informer was to be paid $200 for "catching" Big Boy, $200 for James McBride and $100 for Hogie, Big Boy's half brother.

It is alleged in the brief of defendant that the defendant contended that he did not tell Belvin on April 2nd that he had any whiskey in his house. We find no testimony of the defendant in the record denying the statement of agent Belvin. Mr. Belvin testified on the motion to suppress and on the trial that the defendant said he had six cases of whiskey in his house. Although informer Moore, who was with Belvin on April 2nd when they talked to the defendant at a drive-in restaurant, testified that the defendant said he did not have any

whiskey, this is not a direct contradiction of Belvin's testimony.

■■ The method of paying the informers might raise questions as to their credibility and the weight to be given to their testimony but it would not invalidate the testimony. The fruits of the search upon execution of the search warrant on April 7th revealed 124 gallons of non-taxpaid whiskey in possession of the defendant.

The trial judge committed no error in denying the motion to suppress the evidence.

■ There is no merit to the assignment of error that the trial judge erred in not charging the jury on entrapment. The informers did no more than afford opportunities for the commission of the offenses. They did not implant in the mind of the defendant a disposition to commit the offenses charged in the first three counts of the indictment. See Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L. Ed.2d 848. "To determine whether entrapment has been established, a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal." 356 U.S. at 372, 78 S.Ct. at 821. There was no evidence of entrapment in the case at bar to go to the jury.

■■ Neither is there merit to the charge that the trial judge erred in requiring counsel for the defendant to go to trial without records subpoenaed from the government through the United States Attorney. The subject of the amount of money paid to the informers was fully explored at the trial and on the motion to suppress evidence. Informer Moore testified to one former conviction and informer Stone testified to no prior convictions. The only purpose of such evidence is to impeach the testimony of the witnesses. We think there was ample evidence to support the convictions on the third and fourth counts of the indictment, particularly the fourth one. Government counsel stated that the records in question were

not in his file and so far as he knew they were not in his custody.

We are of the opinion that the instructions of the trial judge with reference to scrutinizing the testimony of informers were adequate and that they meet the requirements of the law.

We find no prejudicial error by reason of any limitation of cross-examination of government witnesses.

The judgment of the District Court is affirmed.